IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA P. BRAITHWAITE,

                Plaintiff,

  v.

LT. JOSHUA KOLBO, HSU JAIME ADAMS,
DR. RANEE WRIGHT, IAN GIANNUNZIO,
DR. DANIELLE FOSTER, PCS ANDREW WITT,
SGT. REBECCA EAGLEBURGER, CO KRYSTAL
CHESTNUT, LISA SHUMERTH, NOELLE TIMM,
ELIZABETH SAUNDERS, NIKOLE BRAUN,
JANELLE TORRES, LEO HAMMER, KRISTEN
PETERS, SAMANTHA BRAZEE and DOMINIC
FOSTER,[1]

                Defendant.

OPINION and ORDER

22-cv-625-wmc

---

      Plaintiff Joshua Braithwaite, who is representing himself, is proceeding on claims that several Department of Corrections ("DOC") employees denied him access to his TENS unit and psychotropic medication in the two days before he was transferred from the Wisconsin Security Program Facility ("WSPF") to the Wisconsin Resource Center ("WRC"), then again denied him access to his TENS unit and adequate pain medication for his low back pain once he arrived at WRC. Defendants have filed a motion for partial summary judgment on the ground that plaintiff did not exhaust his administrative remedies on some of his claims before filing suit. (Dkt. #34.) For the reasons below, defendants' motion will be granted and several of plaintiff's claims will be dismissed without prejudice for his failure to exhaust his administrative remedies. The court will also grant plaintiff's motion to dismiss defendant

---

[1] Defendants filed a motion to substitute Dominic Foster for Danielle Fost (dkt. #50), which the court grants.

Janelle Torres from this lawsuit (dkt. #55), and will set this case for a telephonic conference with Magistrate Judge Anita Boor to set a new schedule for this case.

OPINION

A plaintiff who is confined in prison and who is challenging prison conditions must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). This means that the plaintiff must take all steps within the administrative process, including filing initial grievance and necessary appeals. *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the plaintiff's grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).

To exhaust administrative remedies in Wisconsin, state prisoners must follow the inmate complaint review process set forth in the Wisconsin Administrative Code Ch. DOC 310. A prisoner starts the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days of the challenged incident. § DOC 310.07(2). Once the complaint is received, the inmate complaint examiner must either reject the complaint or send a recommendation to the appropriate reviewing authority within 30 days from the date of receipt. *Id.* § DOC 310.10(9). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within 10 days. *Id.* § DOC 310.10(10).

The Seventh Circuit applies a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006). This means that if a prisoner failed to complete any step in the exhaustion process before bringing his lawsuit, the court must dismiss

his claims. *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999). "Substantial compliance with administrative remedies" is insufficient to satisfy the exhaustion requirement. *Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809).

In this lawsuit, plaintiff is proceeding on Eighth Amendment claims against multiple DOC defendants based on the following accusations:

- WSPF Health Services Unit ("HSU") Manager Jamie Adams packed away plaintiff's TENS unit and medications days before he was transferred to the WRC, and then refused to unpack them despite knowing that plaintiff had serious medical needs and was suffering without his TENS unit and medications.

- WSPF correctional officers Joshua Kolbo, Rebecca Eagleburger, and Krystal Chestnut refused to contact an HSU nurse or other medical provider about plaintiff's pain and withdrawal symptoms.

- WRC staff Ranee Wright, Danielle Foster, Andrew Witt, Ian Giannunzio, Lisa Shumerth, Noelle Timm, Elizabeth Saunders, Nikole Braun, Leo Hammer, Samantha Brazee, and Kristen Peters failed to contact the physical therapist at WRC or take any other action to help plaintiff obtain his TENS unit more expeditiously or to provide adequate pain medication after plaintiff transferred to the WRC.

(Dkt. #24; Dkt. #30.)

Defendants argue that they are entitled to summary judgment on several of these claims because plaintiff failed to file inmate complaints related to them before filing this lawsuit. Specifically, defendants concede that plaintiff filed an inmate complaint and exhausted his administrative remedies as to his claims concerning HSU Manager Adams packing his TENS

3

unit before his transfer and WRC staff denying him access to his TENS unit. (Dfts.' Br. (dkt. #34) 2.) However, defendants argue that plaintiff failed to file inmate complaints regarding any other claims and specifically, his claims that: (1) Adams packed his medication before his transfer to WRC and refused to unpack it; (2) Chestnut, Eagleburger, and Kolbo failed to contact HSU or other medical providers at WSPF despite knowing Braithwaite was suffering without his TENS unit and medication; and (3) WRC staff Wright, Foster, Witt, Giannunzio, Shumerth, Timm, Saunders, Braun, Hammer, Brazee, and Peters failed to provide adequate pain medication after Braithwaite transferred to the WRC. The records provided by defendants support their arguments.

Plaintiff filed two inmate complaints related to the claims in this lawsuit. First, on July 28, 2021, while he was still at WSPF, plaintiff filed WSPF 2021-11375, in which he complained that HSU or correctional officers were retaliating against him by taking his TENS unit off the medication cart and packing it away. (Greenwood Decl. (dkt. #36) ¶ 14, Ex. 1001, at 10.) The inmate complaint was dismissed, and plaintiff appealed. Plaintiff never mentioned in his initial inmate complaint or his appeal that anyone, including Adams, packed his *medication* or refused to unpack the *medication* and return it to him. Nor did plaintiff state that any DOC employee refused to contact HSU on his behalf regarding his medication *or* TENS unit. Plaintiff concedes as much in his response brief, but argues that he should be permitted to proceed on his claims that Kolbo, Eagleburger, and Chestnut refused to contact HSU about his TENS unit because he complained about his TENS unit in his initial complaint. (Plt.'s Br. (dkt. #40) 2–5.)

Plaintiff's argument is not persuasive. Wisconsin Administrative Code § DOC 310.09(1)(e) requires inmates to "clearly identify the issue" in their inmate complaints. The

4

Seventh Circuit has held that "[w]hen the applicable regulations provide little guidance regarding the required contents of a prison administrative complaint, . . . an inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Here, plaintiff's complaint WSPF 2021-11375 alleged only that his TENS unit had been taken off the medication cart and packed away. He did not provide notice to the inmate complaint examiner that he was also complaining about correctional officers refusing to help him. Thus, because plaintiff did not file any inmate complaints alleging anyone at WSPF packed his medication and refused to unpack the medication, or that correctional officers failed to contact HSU about his TENS unit, he failed to exhaust his administrative remedies on those claims, and they must be dismissed.[2]

Second, on July 29, 2021, plaintiff filed an inmate complaint after he transferred to WRC -- WRC-2021-11573 -- in which he alleged that WRC staff were withholding his TENS unit and his inhaler. (*Id.* at Ex. 1002, at 1–2.) He did not make any allegations about being denied adequate pain medication. Similarly, plaintiff's WRC-2021-11573 appeal never mentions anyone from WRC failing to provide him adequate pain medication. In the appeal, plaintiff again complained only about his TENS unit and his inhaler. (*Id.* at 18.) Because he

---

[2] Plaintiff also briefly argues that administrative remedies were unavailable to him because he transferred to WRC shortly after his TENS unit was packed, but he does not explain why he could not file an inmate complaint *before* his transfer, like he did regarding his claim against defendant Adams. Nor does he allege that he was incapacitated and unable to file an inmate complaint. Moreover, his inmate complaint record shows that he was aware that he could file an inmate complaint at a new institution about events that occurred at a prior institution. (Dkt. #36, Ex. 1000, at 1.)

failed to exhaust his administrative remedies with respect to his medication claim, that claim also must be dismissed without prejudice.

This leaves the following claims remaining in this lawsuit:

1) Defendant Adams packed away plaintiff's TENS unit days before plaintiff transferred to WRC and then refused to unpack it despite knowing that plaintiff had serious medical needs and was suffering without his TENS unit; and

2) WRC staff Wright, Foster, Witt, Giannunzio, Shumerth, Timm, Saunders, Braun, Hammer, Brazee, and Peters failed to contact the physical therapist at WRC or take any other action to help Braithwaite obtain his TENS unit more expeditiously after plaintiff transferred to the WRC.

In light of the dispositive motions' deadline elapsing while the parties waited for the court's decision on defendants' motion for partial summary judgment, the court will strike the remaining schedule in this case and will set a scheduling conference with Judge Boor.

## ORDER

IT IS ORDERED that:

1) Defendants' motion to substitute Dominic Foster for Danielle Foster (dkt. #50), is GRANTED.

2) Plaintiff's motion to dismiss defendant Janelle Torres (dkt. #55) is GRANTED.

3) Defendant Torries' motion to join defendants' motion for partial summary judgment (dkt. #48) is DENIED as moot.

4) Defendants' motion for partial summary judgment on exhaustion (dkt. #34) is GRANTED.

5) The following claims in this case are DISMISSED WITHOUT PREJUDICE for plaintiff's failure to exhaust his administrative remedies before filing suit:

6

    a. Defendant Adams packed plaintiff's medication before his transfer to WRC and refused to unpack it;

    b. Defendants Chestnut, Eagleburger, and Kolbo failed to contact HSU or other medical providers at WSPF despite knowing plaintiff was suffering without his TENS unit and medication; and

    c. WRC staff Wright, Foster, Witt, Giannunzio, Shumerth, Timm, Saunders, Braun, Hammer, Brazee, and Peters failed to provide adequate pain medication after Braithwaite transferred to the WRC.

6) Defendants Kolbo, Eagleburger, Chestnut and Torres are DISMISSED as defendants from this case.

7) Defendants' motions to stay (dkt. #45 and dkt. #53) are DENIED as moot.

8) All remaining deadlines and the trial date in this case are STRUCK. The clerk of court shall set this case for a scheduling conference with Magistrate Judge Anita Boor to set a new schedule.

Entered this 17th day of September, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge